IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:20-cr-00091-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| QUINLAN DRAKE SCISM, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Government's Motion to Seal [Doc. 25].

The Government, through counsel, moves the Court for leave to file an unredacted Sentencing Memorandum [Doc. 26], under seal in this case. For grounds, counsel states that the unredacted memorandum contains personal information concerning minors, including information that is appropriate for sealing pursuant to 18 U.S.C. § 3509(d)(2). [Doc. 25].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives."

Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). In the present case, the public has been provided with adequate notice and an opportunity to object to the Government's motion. The Government filed its motion on April 19, 2021, and it has been accessible to the public through the Court's electronic case filing system since that time. In addition to filing its motion, the Government also filed a redacted version of the memorandum that is accessible to the public. [Doc. 25-1]. Further, the Government has demonstrated that the redacted portions of the memorandum contain sensitive information concerning minors and that the public's right of access to such information is substantially outweighed by the Government's competing interest in protecting the details of such information. See United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018) see also 18 U.S.C. § 3509(d)(2). Finally, having considered less drastic alternatives to sealing the document, the Court concludes that sealing of the unredacted Sentencing Memorandum is necessary to protect the Government's interest in preventing the disclosure of personal information concerning minors.

Upon review of the Government's unredacted Sentencing Memorandum, the Court finds that the unredacted Sentencing Memorandum contains case material and information of the nature that is ordinarily sealed

and appropriate to be shielded from public access. See <u>United States v. Harris</u>, 890 F.3d 480, 492 (4th Cir. 2018) see also 18 U.S.C. 3509(d)(2).

Accordingly, the Government's Motion to Seal is granted, and counsel shall be permitted to file an unredacted Sentencing Memorandum under seal.

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Seal [Doc. 25] is **GRANTED**, and the Government's unredacted Sentencing Memorandum [Doc. 26] shall be filed under seal and shall remain under seal until further Order of the Court.

**IT IS SO ORDERED.**

Signed: April 26, 2021

Martin Reidinger
Chief United States District Judge