IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:20-cr-00091-MR-WCM

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | **O R D E R** |
|  | ) |  |
| QUINLAN DRAKE SCISM, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**THIS MATTER** is before the Court on the Defendant's Motion to Substitute Sentencing Memorandum and Seal Exhibit [Doc. 28].

The Defendant, through counsel, moved the Court for leave to file a Sentencing Memorandum and exhibits thereto under seal in this case. [Doc. 23]. The Court denied that motion without prejudice to the filing of a Motion to Seal that identifies with specificity the portions of the sentencing memorandum and exhibits sought to be sealed and provides sufficient basis for the sealing thereof. [Doc. 27]. The Court further directed that the Sentencing Memorandum and exhibits thereto [Docs. 24, 24-1, 24-2, 24-3, 24-4] would remain temporarily under seal until further Order of this Court. [Doc. 27 at 3].

The Defendant now submits a redacted version of the Sentencing Memorandum and moves to seal only Exhibit D [Doc. 24-4] to the original Sentencing Memorandum. For grounds, counsel states that Exhibit D is the Defendant's psychosexual evaluation and contains confidential medical information and psychological testing, and that the redacted portions of the Sentencing Memorandum reference this report. [Doc. 28].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendant's motion. The Defendant filed his motion and the proposed redacted version of his Sentencing Memorandum on April 26, 2021, and they have been accessible to the public through the Court's electronic case filing system since that time. Further, the Defendant has demonstrated that the redacted portions of the memorandum contain confidential medical information and psychological testing, and that the public's right of access to such information is substantially outweighed by the

Defendant's competing interest in protecting the details of such information. See United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). Finally, having considered less drastic alternatives to sealing the document, the Court concludes that sealing of the unredacted Sentencing Memorandum is necessary to protect the Defendant's interest in preventing the disclosure of this confidential medical information.

Accordingly, the Defendant's Motion to Substitute is granted, and counsel shall be permitted to file the redacted Sentencing Memorandum in the record. The unredacted version of the Sentencing Memorandum [Doc. 24] shall remain on the docket under seal. Further, Exhibit D to the Sentencing Memorandum [Doc. 24-4] shall remain under seal. The other exhibits to the Sentencing Memorandum [Docs. 24-1, 24-2, 24-3] shall be unsealed and made available to the public on the docket.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Substitute Sentencing Memorandum and Seal Exhibit [Doc. 28] is **GRANTED**, and the redacted Sentencing Memorandum [Doc. 28-1] shall be filed in the record. The unredacted version of the Sentencing Memorandum [Doc. 24] shall remain on the docket under seal. Further, Exhibit D to the Sentencing Memorandum [Doc. 24-4] shall remain under seal. The other

exhibits to the Sentencing Memorandum [Docs. 24-1, 24-2, 24-3] shall be unsealed and made available to the public on the docket.

Signed: April 26, 2021

**IT IS SO ORDERED.**

Martin Reidinger
Chief United States District Judge